IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR ABREU, | No. 4:25-CV-00146 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| BETH A. RICKARD, | |
| Respondent. | |

## ORDER

### OCTOBER 14, 2025

**AND NOW**, upon consideration of Petitioner's release from custody of the Federal Bureau of Prisons (BOP),[1] which is the relief sought in the instant Section 2241 petition,[2] and the Court noting that a petition for habeas corpus relief generally becomes moot when "there is nothing for [the court] to remedy,"[3] and when "developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief,"[4] and the Court thus finding that because Petitioner has been released from custody, the instant Section 2241 petition is moot

---

[1] *See* Doc. 7-2 at 2 ¶ 3; Doc. 7-3 at 2; FED. BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching BOP Register Number "73151-050") (last visited Oct. 8, 2025).

[2] *See* Doc. 1 at 2, 12.

[3] *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

[4] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001).

and must be dismissed,[5] **IT IS HEREBY ORDERED** that Petitioner's Section 2241 petition is **DISMISSED** as moot and the Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[5]  *Id.* at 699.